SCOVILL MANUFACTURING COMPANY (HAMILTON BEACH DIVISION) v. COUNTY OF GUILFORD AND WALTER R. JAMES, TREASURER OF GUILFORD COUNTY

SCOVILL MANUFACTURING COMPANY (HAMILTON BEACH DIVISION) v. CITY OF GREENSBORO AND C. M. CONWAY, TREASURER OF THE CITY OF GREENSBORO

No. 7518SC516

(Filed 17 December 1975)

Taxation § 25— ad valorem tax — goods in public warehouse — destination on bill of lading determinative

The trial court properly determined that goods stored in a public warehouse for transshipment "to an out-of-state or within-the-state

destination" were not goods designated to an out-of-state destination within the meaning of G.S. 105-275(4) and were therefore subject to ad valorem taxation, notwithstanding the fact that 98% were eventually shipped to points outside the state, as contended by plaintiff, since the tax status of the goods was determined by the original bill of lading at the time they were stored in the public warehouse.

APPEAL by plaintiff from *Crissman, Judge.* Judgment entered 26 March 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 14 October 1975.

Plaintiff instituted this action for a refund of ad valorem taxes paid defendants on personal property stored in a public warehouse in Greensboro, North Carolina, during the taxable years 1970 and 1971. Plaintiff contended that such personal property was exempt from taxation by the provisions of G.S. 105-275.

Plaintiff has manufacturing plants in two North Carolina cities where they manufacture small electrical appliances for Sears Roebuck & Company. These appliances were shipped to a public warehouse in Greensboro for the purpose of transshipment to various Sears stores. Every bill of lading for shipment of this merchandise contained the following:

"These goods shipped to public warehouse for transshipment to an out-of-state or within-the-state destination in original packages."

Defendants assessed a tax on the merchandise and plaintiff paid the tax under protest, claiming that the merchandise was exempt under the statute. Plaintiff claims that 98% of this merchandise was ultimately shipped out of North Carolina and therefore applies for a refund of 98% of the taxes paid.

The trial judge found that there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law. Defendant's motion for summary judgment was granted.

*Broughton, Broughton, McConnell & Boxley, P.A., by Robert B. Broughton and Gregory B. Crampton, for plaintiff appellant.*

*James W. Miles, Jr., and William L. Daisy, for defendant appellees.*

VAUGHN, Judge.

The following property is exempt from taxation under G.S. 105-275(4) as it was written when pertinent to this litigation.

"Personal property of residents of the State in its original package and fungible goods in bulk, belonging to a resident of the State, placed in a public warehouse for the purpose of transshipment to an out-of-state destination, and so designated on the original bill of lading, so long as such personal property remains in its original package or, if fungible, in bulk, and in such a public warehouse. No portion of a premises owned or leased by a consignor or consignee, or subsidiary of a consignor or consignee, shall be deemed to be a public warehouse within the meaning of this subdivision despite any licensing as such. (The purpose of this classification is to encourage the development of the State of North Carolina as a distribution center.)"

We hold that the trial judge reached the proper conclusion. Assuming that the goods are otherwise qualified for exemption, they must also (1) be placed in a public warehouse for transshipment to an out-of-state destination and (2) be so designated on the original bill of lading. Goods designated for transshipment "to an out-of-state *or* within the state destination" are not goods designated to an out-of-state destination within the meaning of the statute. Obviously all goods stored in a public warehouse are destined for eventual shipment to some point either without or within the state, as are other goods held by a manufacturer or distributor in his own warehouse. Plaintiff's evidence that most of the goods were eventually shipped to points without the state is immaterial. The tax status of the goods must be determined by the original bill of lading at the time they are stored in the public warehouse.

Another section of the statute, G.S. 105-275(3), does allow an exemption when the goods are stored in a public warehouse for transshipment to "an out-of-state or within the state destination" and are so designated on the original bill of lading. This exemption applies only when, among other things, the goods move into this state from some place without the state.

The judgment is affirmed.

Affirmed.

Judges BRITT and ARNOLD concur.